Thank you and good morning. May it please the Court, Jeremy Warren for the appellant, Mr. Baden. Your Honor, this case is a perfect example of why we have plain error review and when it's appropriate to use. It's sentencing, we know that the sentencing guidelines play the critical role, and for that reason the Court has to get the sentencing guidelines correct, has to keep them in mind throughout the process, has to tether any variance to the guidelines, and here we all know, and everyone agrees, the guidelines were incorrect. The Court got it wrong, and as a result the guidelines were enhanced by two levels that should not have been there. Well, everybody seemed to help him get it wrong. Correct, Your Honor. There's no doubt that the parties both submitted a sentencing summary charts and memorandum that included the wrong enhancement. So in a way, I understand that we're not here saying the Court totally screwed up, but the law is clear that the Court has an obligation to get the guidelines. And are you sure you really want another sentencing? You might well end up with more than you have now. We'll take that risk, Your Honor. I mean, it's important, and the case law from the Supreme Court in Molina-Martinez to numerous cases that I think every judge understands. This one's a little different because you have a second error. I'm sorry? You had a second error, didn't you, where you got the wrong criminal history points? Yes, Your Honor. Which would even it all out. And he said he wasn't going to depart below the guidelines, and he did. He did. I don't even think he knew that he was doing that. No, I think it's pretty clear, and I don't think the government will disagree that the judge intended to vary, just not to the extent that the defendant was asking for. If you recall, the defense counsel had this kind of wrongheaded notion that relevant conduct didn't apply under this open plea. And so he was asking for a two-year sentence, which, of course, was never going to happen in that case. And the court — I mean, Judge Curiel is a very thorough judge. He understands his obligation is to accurately calculate the guidelines. He had a two-day hearing for the sole purpose of determining the guidelines. So he tried hard, and everyone helped by misleading him. Right. And that's what — The two errors sort of canceled each other out. It doesn't — you know, it doesn't matter. I think if — assuming you're correct, you have a right to resentencing. But I just — you've fully considered whether you really want it, right? We do, and we have, and we appreciate that, Your Honor. Obviously, as an attorney, the last thing you'd want is to walk your client into more time. But I think here there — there were grounds for departure. The court varied down. The court — and let me just say this, Your Honor. The court, if it had calculated correctly, would have started at 108 months. Yes. The court was at 135. It said 121. And, of course, I'm discussing the low end of the guidelines. But it varied down from there. And it was indicating that there was some — But didn't he say he wouldn't vary down? He said, I'm not going to vary down. And it's a little vague, but it's — as the government recognizes, I'm not going to vary down to the 24 months. 24 months. They wanted to go down to 24 months. Yes. And that wasn't going to happen. No. Basically, that was — yeah. Right. But the very last thing the court said was, after careful consideration of the sentencing guidelines and the 3553 factors, this is the sentence. And it was lower than the guideline range that he stated. And so I think the fact that the court made a mistake, that the parties made a mistake, that everything was mistaken, just goes right into Melina Martinez's and a number of this court's decisions for plain error review. Now, I'm happy to reserve — I think the court may want to hear from the government. Yeah. Yeah. Sure. Thank you. Good morning, and may it please the court. The United States agrees that there was guideline error in this case and that the two-level adjustment for theft from another person should not have been applied. But for the reasons that Your Honor has identified, under the fourth prong, this is not a case where the court needs to exercise its discretion in order to correct that error. And that's for a number of reasons. One is, as Your Honor recognized, the district court did say on ER-388, the court is not prepared to vary downward given its consideration of the factor of deterrence. But, of course, it did vary downward. But it did, yes. So that has to be read in context. What he really means is, I'm not going to vary downward as much as you want me to. Correct. That the court wasn't going to vary down to two years. But there were two additional considerations that the district court articulated that shows that the defendant wouldn't have received or will not receive a lower sentence if this is remitted. So why are you objecting? You're going to get the same sentence. Why don't you just say, OK, let's go — let's get on with it. And that's because in the fourth prong would suggest that exercising discretion in order to send it back and consuming resources and sending it back shouldn't be done in this case. The court — You're spending a lot of resources having an appeal here. You could have saved those resources, had a quick sentencing, probably ended up with the same sentence and saved all of us a lot of time. And I just want to go to two factors that the court had identified where the court recognized that there were facts that could have permitted the court to depart upward. At ER 385, the court noted that there were facts that could justify an upward departure for the substantial harms that were inflicted on two of the victims. And the court stated that the court chooses not to exercise its discretion to upwardly depart, but it's not because there aren't facts that would otherwise justify an upward departure. In the same vein, the district court found that the losses in this case were between $400,000 and a million. Despite the United States' proof that the losses were about $1.7 million that should have properly been attributed to the defendant. And the court recognized that at ER 386 where the court said, and let me make clear that, although there's reason to believe that the amount of loss was far greater, the court finds that the guideline accurately reflects the amount of loss. And so in this case, there wasn't a legal error that may have increased the length of the defendant's sentence as plain error review would require, because the court recognized and acknowledged that there were additional facts that could support a higher sentence than the 108 months that was imposed. So I repeat, so what's your problem with going back for resentencing? And it's in a case like this, Your Honor, where the defendant, and United States acknowledges we made a mistake by recommending the adjustment as well, but where the defendant inserts the error and asks for a redo, that in and of itself, Rule 52 would require and command that the defendant can't get relief, just because it would be easy to go back and do it. And really, under- So you're wanting our help to order the re-hearing that you're opposing. Excuse me? So you're wanting our help so that we will order the district court to do what you're opposing. And we think that this court can decline to exercise its discretion to send it to action. Sure. Unless the court has any other questions, United States would submit. Thank you, counsel. Thank you. You are free to waive your rebuttal time. All right. Unless the court has any questions, I think it's very clear what- No, okay. We don't have any questions. Thank you, Your Honor.  The case is here. You will be submitted. Thank you. Thank you.
judges: Reinhardt, W. Fletcher, Paez